Ira J. Cohen, Esq. Informal Opinion County Attorney No. 99-30 Sullivan County Department of Law P. O. Box 5012 Monticello, New York 12701
Dear Mr. Cohen:
You have asked whether the Sullivan County Director of Risk Management/Self Insurance ("Director") may run for the elected office of Town Supervisor of the Town of Liberty, which lies within the County. You have advised us that Sullivan County has a County Legislature and therefore that the supervisor of a town within the County has only town-wide responsibilities.
In the absence of a constitutional or statutory prohibition against dual office holding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of offices isPeople ex rel. Ryan v. Green, 58 N.Y. 295 (1874). In that case the Court of Appeals held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss," a status readily identifiable. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that the compatibility requirement equally covers a public office and a position of employment as well as two positions of public employment. Also, where positions are compatible, a conflict of interests may arise out of the simultaneous holding of the positions with respect to particular matters. The conflict may be avoided by declining to participate in the disposition of the particular matter.
You have informed us that the Director administers the County's self-insurance program, which includes liability, health and workers' compensation coverage. The towns and villages within the County may participate in the County's insurance program. The Town of Liberty participates in the County's workers' compensation program.
You have provided us with the County's written description of the Director's duties. The job description lists "typical work activities" as including the following:
 Supervises and administers the complete adjudication of Worker's Compensation claims against participating entities of a Self-Insurance Plan established pursuant to the provisions of Article 5 of the Workers Compensation Law;
 Receives claims, conducts investigations, makes a determination on claims, and performs follow-up activities on open claims;
 Coordinates the defense of controverted Workers Compensation claims and issues, and represents the Self-Insurance Plan at hearings before the New York State Workers Compensation Board; . . .
You informed us that the Director unilaterally can authorize settlement of workers' compensation claims. Thus, the Director is responsible for determining whether to pay workers' compensation claims brought by Town of Liberty employees.
In our view, the position of Director is incompatible with the office of Town Supervisor. The Supervisor inevitably will have strong relationships with officers and employees of the Town with whom he works on a regular basis. A person serving in both positions may be unable to make impartial decisions as Director about claims by Town officers and employees solely in the public interest. Service in both positions would, at best, create the appearance of a conflict of interests, which must be avoided to maintain public confidence in the integrity of government.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
SIOBHAN S. CRARY, Assistant Solicitor General